**Sabil M. MUJAHID, aka Terry Smith, Plaintiff–Appellant,**

v.

**Kevin MEYER, Correctional Officer, et al., Defendants–Appellees.**

**No. 93–15449.**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 1995 *.

Decided July 10, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.

Sabil M. Mujahid, Honolulu, HI, pro se for the plaintiff-appellant.

Girard D. Lau, Deputy Atty. Gen., Honolulu, HI, for defendants-appellees.

Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.

PER CURIAM:

Sabil M. Mujahid, also known as Terry Smith, a prisoner at the Halawa Confinement Facility, appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. § 1983 action. Mujahid alleged that prison officials violated his constitutional rights by finding him guilty of violating prison regulations for speaking with an inmate from another residence area. Mujahid was placed in disciplinary segregation for fourteen days as a result of the misconduct.

■ We review de novo. *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

34(a); 9th Cir.R. 34–4.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Mujahid contends that Haw.Admin.Rule § 17–201–18 created a protected liberty interest in remaining free from disciplinary segregation and that as a result he was entitled to due process protection. He specifically claims (1) that the district court erred by granting summary judgment because there was a genuine issue of material fact as to whether the prison adjustment committee's finding of guilt was supported by sufficient evidence, *see* Haw.Admin.Rule § 17–201–18(b); and (2) that the committee's written statement did not adequately explain the basis of its decision. *See* Haw.Admin.Rule § 17–201–18(c). We conclude that these contentions lack merit because Mujahid does not have a liberty interest that would entitle him to due process protection.

Based on our prior case law we would have determined that the prison regulations at issue did create a liberty interest protected by the Fourteenth Amendment. *See Conner v. Sakai*, 15 F.3d 1463, 1466 (9th Cir.1993), *rev'd, Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Our prior decisions held that in order for a state prison regulation to create a liberty interest the regulation must (1) "contain 'substantive predicates' governing an official's decision regarding a matter directly related to the individual" and (2) "employ 'explicitly mandatory language' specifying the outcome that *must* be reached upon a finding that the substantive predicates have been met." *Dix v. County of Shasta*, 963 F.2d 1296, 1299 (9th Cir.1992) (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462–63, 109 S.Ct. 1904, 1909–10, 104 L.Ed.2d 506 (1989)).

The Supreme Court, however, has recently overruled our cases that have taken this approach. *See Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin*, the Court determined that prison regulations on confinement of an inmate did not create a liberty interest. In making its decision the Court did not rely on the language of the regulations for mandatory language and substantive predicates. *Id.* —— U.S. at ——, 115 S.Ct. at 2301; *cf. Hewitt v. Helms*, 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983). Rather, the Court focused on the particular discipline imposed[1] and held that it "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, —— U.S. at ——, 115 S.Ct. at 2301.

■ Here, Mujahid was placed in disciplinary segregation for fourteen days. Based on the Supreme Court's holding in *Sandin*, we conclude that there is no liberty interest at issue and the district court did not err in granting summary judgment.[2]

**AFFIRMED.**

---

1. In *Sandin,* the inmate was placed in disciplinary segregation for thirty days. *Sandin,* —— U.S. at ——, 115 S.Ct. at 2295.

2. The Supreme Court's decision in *Sandin* applies retroactively to the instant case because the

Court applied the rule announced in *Sandin* to the parties in that case. *See Harper v. Virginia Dep't of Taxation,* —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it).