67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kirk R. MARTIN, Plaintiff-Appellant,
v.
James R. UPCHURCH, et al., Defendant-Appellee.
 No. 93-16907.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1995.*
Decided Sept. 22, 1995.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kirk R. Martin, a former Arizona state prisoner, appeals pro se the district court's judgment in favor of defendant prison employees in his 42 U.S.C. Sec. 1983 action. Martin contends that the district court erred in granting defendants judgment on the pleadings on his claims that defendants (1) unlawfully terminated him from a prison job; (2) deprived him of procedural due process; (3) denied him access to the courts; and (4) subjected him to cruel and unusual punishment. Martin also argues that the district court erred in granting defendants summary judgment on his claim that he was retaliated against for pursuing legal remedies and for exercising his freedom of speech rights.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 Background
 
 3
 Martin's pleadings raise the following allegations. On December 16, 1990, Martin requested a meeting with defendant Upchurch to discuss "blatant and intentional abuse of discretion by some of the staff members." Shortly after that request, Martin was informed by a "non-inmate" that his life would be in danger if he were to comply with extra work duty. When Martin later refused to wear orange coveralls and work extra-duty, he was written-up for his refusal to obey orders. Two hours later, defendant Upchurch directed defendant Reeder to terminate Martin's library job. On two additional occasions, Martin again refused to wear orange coveralls and work extra-duty, and was written-up. After his third write-up, Martin wrote defendant Upchurch that he believed that Upchurch and some of his staff were conspiring to deny prisoners their civil rights and that he intended to get the information to persons outside the prison. Martin gave defendant Blizzard a letter to be mailed to the United States Attorney in Phoenix, but the letter was not mailed until fourteen days later, after Martin informed prison employees that the information was already sent to Phoenix via his family. As a result of his disciplinary infractions, Martin was prohibited from receiving visitors and making telephone calls for thirty days. In January 1991, Martin was also reclassified and transferred to a different wing of the prison. Martin claims that the disciplinary hearings were not properly conducted because he was not permitted to call certain witnesses. Martin further claims that the disciplinary write-ups he received, his reclassification and his termination from his prison job were in retaliation for his attempts to expose violations of civil rights.
 
 II.
 Judgment on the Pleadings
 
 4
 A motion for judgment on the pleadings should be granted only if, after accepting the opposing party's allegations as true, no genuine issue of fact remains in dispute and the moving party is entitled to judgment as a matter of law. 3550 Stevens Creek Assocs. v. Barclays Bank of Cal., 915 F.2d 1355, 1357 (9th Cir.1990). We review de novo. Cecelia Packing v. U.S. Dept. of Agriculture, 10 F.3d 616, 621 (9th Cir.1993).
 
 A. Unlawful Termination
 
 5
 As a matter of law, Martin has no substantive federal right to a prison job. See Coakly v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989). Therefore, the district court properly granted judgment on the pleadings for defendants on Martin's unlawful termination claim.
 
 B. Due Process
 
 6
 Martin claims he was denied procedural due process when (1) his prison job was terminated, (2) he was reclassified as a higher security risk and (3) he was not allowed to call certain witnesses at disciplinary hearings which resulted in his loss of visitation and phone privileges for thirty days. The Supreme Court recently changed the analysis we employ in determining whether a state has created a protected liberty interest entitling an inmate to the procedural protections afforded by the Due Process Clause. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). We no longer focus on the language of prison regulations to determine whether such regulations place substantive restrictions on an official's discretion. Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995). We instead look to the particular discipline imposed and ask whether it " 'present[s] the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.' " Id. (quoting Sandin, 115 S.Ct. at 2300).[2]
 
 
 7
 Under Sandin, Martin had no liberty interest in his prison job, his classification or his short-term privileges such that he would be entitled to the procedural protections of the Due Process Clause. See Sandin, 115 S.Ct. at 2302 (holding that prisoner had no protected liberty interest in avoiding thirty days of disciplinary segregation as punishment for misconduct and therefore had no right to call witnesses at his disciplinary hearing); see also Mujajid, 59 F.3d at 932. The district court properly granted judgment on the pleadings on Martin's due process claims.
 
 D. Access to the Courts
 
 8
 Martin's access to the courts claim is based upon his allegation that his mail was detained for fourteen days. However, a plaintiff claiming denial of access to the courts stemming from delayed legal mail must allege detriment or actual injury. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Because Martin failed to allege any actual injury, the district court properly concluded that Martin failed to state a claim for denial of access to the courts. The district court granted Martin leave to amend his complaint to allege actual injury, see id., but Martin never did so.
 
 E. Eighth Amendment
 
 9
 The Eight Amendment prohibits the "unnecessary and wanton infliction of pain" which includes sanctions that are "so totally without penological justification that [they] result[ ] in the gratuitous infliction of suffering." Gregg v. Georgia, 428 U.S. 153, 178, 183 (1976). The disciplinary actions taken against Martin, even if retaliatory, do not rise to that level. The district court properly rejected Martin's Eighth Amendment claim.
 
 III.
 Summary Judgment
 
 10
 Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990) (citing Fed.R.Civ.P. 56(c)). Conclusory allegations unsupported by specific facts cannot withstand a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). We review de novo. White, 901 F.2d at 1503.
 
 
 11
 A prisoner claiming retaliation for his exercise of First Amendment rights by bringing and assisting in civil rights litigation must establish more than retaliation; he must also demonstrate that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 12
 Martin failed to introduce any evidence showing that defendants' actions were in retaliation for his efforts to redress civil rights violations. Nor is there any evidence of a conspiracy against Martin. Martin has never identified the "non-inmate" that warned him that his life was in danger, or otherwise substantiated the threat to his life. Defendants submitted evidence that demonstrated that Martin's termination, disciplinary write-ups and reclassification were for non-retaliatory reasons. The evidence suggests that the actions taken against Martin were because he had violated prison regulations--violations which Martin himself does not dispute. The district court's conclusion that the regulations serve legitimate penological interests is sound. Accordingly, summary judgment on plaintiff's retaliation claim was proper.[3]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martin also moves to impeach and disbar the district judge. This motion is baseless and legally frivolous
 
 
 [2]
 To the extent that Martin claims he has a property interest in his prison job, and under the pre-Sandin liberty interest analysis, Martin's due process claim regarding his job fails. Under Arizona law, the employment of prisoners is left to the discretion of prison officials. Ariz.Rev.Stat.Ann. Sec. 31-251. Therefore, Martin has no constitutionally protected liberty or property interest in a prison job. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 845 (9th Cir.1985). Similarly, Martin failed to cite to any prison regulation which mandates a particular classification. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989); McFarland v. Cassidy, 779 F.2d 1426, 1428 (9th Cir.1986)
 
 
 [3]
 We reject Martin's claim that defendants' retaliatory actions violated 42 U.S.C. Sec. 1997(d). Martin did not include this claim in his complaint, and therefore it was not properly before the district court. In any event, there is no private right of action under 42 U.S.C. Sec. 1997. See 42 U.S.C. Secs. 1997e(d), 1997j; see also Price v. Brittain, 874 F.2d 252, 264 (5th Cir.1989)