UNITED STATES COURT OF APPEALS
**Filed 4/22/96**TENTH CIRCUIT

_____

OMAR R. OSBORNE,                          )
                                          )
          Plaintiff-Appellant,            )
                                          )
     v.                                   )          No. 95-5261
                                          )      (D.C. No. 94-C-1079-K)
                                          )          (N.D. Okl.)
RONALD CHAMPION, BILL RANDALL,            )
BILL McKENZIE, and LARENE KRAMER,         )
Disciplinary Officer,                     )
                                          )
          Defendants-Appellees.           )

_____

ORDER AND JUDGMENT[*]
_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
_____


     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

     Omar Osborne, a pro se inmate, filed this 42 U.S.C. § 1983 action against officials

of the state penitentiary, alleging his constitutional rights were violated by the filing of

inadequately investigated charges against him of multiple false misconduct, by

conducting his disciplinary hearings with a single hearing officer, and by subjecting him

---

     [*]  This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of
Tenth Cir. R. 36.3.

to emotional distress. Defendants moved for summary judgment and the district court granted the motion. The court had the benefit of a Martinez report prepared by the Department of Corrections prior to the court's entry of summary judgment in favor of defendants. The court found plaintiff's removal from general population and placement in disciplinary segregation for 90 days did not give rise to a liberty interest. See Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995). The court further found the alleged false charges and the use of a single hearing officer to conduct disciplinary hearings did not amount to constitutional violations. See Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir. 1986), cert. denied 485 U.S. 982 (1988).

The district court's order granting summary judgment was entered on September 22, 1995. On October 18, 1995, plaintiff served a motion to reconsider. The district court denied the motion to reconsider on November 9, 1995, finding that since the motion was filed more than ten days after entry of summary judgment, it would be treated as a motion seeking relief from judgment under Rule 60(b), citing Van Skiver v. United States, 952 F.2d 1241 (10th Cir. 1991), cert. denied 113 S. Ct. 89 (1992).

On appeal, plaintiff contends the district court erred in granting summary judgment and in failing to permit him to conduct discovery. This court has jurisdiction to review only the November 9 order denying plaintiff's motion to reconsider and not the underlying September 22 summary judgment order. Since plaintiff served his motion to reconsider beyond the ten-day deadline allowable under Fed. R. Civ. P. 59(e), the motion must be construed as one pursuant to Rule 60(b) and, thus, did not toll the time for filing an appeal from the underlying judgment. See Van Skiver, 952 F.2d at 1243. Plaintiff's notice of appeal is timely only as to the November 9 order denying his motion to reconsider.

Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances.  <u>Id</u>.  The district court did not abuse its discretion in denying the motion.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge