85 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark LARUE, Plaintiff-Appellant,
v.
James BLODGETT, Associate Director; Tana Wood,
Superintendent; John Lambert, Associate
Superintendent; Gary Edwards, Hearing
Officer; R. Inman, Officer,
Defendants-Appellees.
 No. 95-35936.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Mark Larue appeals pro se the district court Fed.R.Civ.P. 12(b)(6) dismissal of his civil rights action for failure to state a claim. Larue contends that prison officials denied him due process protection by providing insufficient notice of his rules violation. He also contends that he was denied access to the courts because prison officials prohibited him from communicating with other inmates regarding his legal matters. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. See Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). We affirm.
 
 
 3
 Larue received five days in isolation for speaking with another inmate in the yard of the Intensive Management Unit ("IMU") in violation of IMU rules. Larue alleged that his due process rights were violated because the prison officials provided him with inadequate notice of the possible effect of such a violation.[1] He further alleged that the prison officials failed to substantiate a finding of guilt on all the charges.
 
 
 4
 Prison inmates have a constitutionally protected liberty interest in freedom from restraint only when the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995) (holding that 30-day segregated confinement in Hawaii penitentiary did not present such atypical hardship so as to create liberty interest); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995) (per curiam) (applying Sandin ).
 
 
 5
 Here, Larue was already housed in the Intensive Management Unit.[2] Larue's five-day isolation, the denial of one shower, and his temporary loss of certain privileges, such as telephone calls, possession of a radio, and visitation, did not "present a dramatic departure from the basic conditions" of Larue's prison life. See Sandin, 115 S.Ct. at 2301; Mujahid, 59 F.3d at 932.[3] Accordingly, Larue did not have a liberty interest that would have entitled him to due process protection when being disciplined. See Sandin, 115 S.Ct. at 2300-01.
 
 
 6
 Larue also contends that he was denied access to the courts when prison officials prohibited him from communicating with other inmates regarding his legal matters. This contention lacks merit. Since Larue does not challenge the adequacy of the prison law library or the provision of trained legal assistance, he must show "actual injury" to sustain a constitutional claim. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Larue has failed to do so. Although Larue claimed that the prohibition interfered with his preparation of his pending cases, he did not point to any specific instance in which he was actually denied access to the courts. See id.
 
 
 7
 Accordingly, the district court did not err by dismissing Larue's 42 U.S.C. § 1983 action for failure to state a claim. See Stone, 58 F.3d at 436-37.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Larue acknowledged that under IMU policy, out of cell activities or shower privileges could be cancelled if inmates communicate with each other while in the yard. He admitted that the policy was at least temporarily posted
 
 
 [2]
 Assignment to "intensive management status" means "an assignment to administrative segregation for an extended period after other alternatives have been explored." Wash.Admin.Code § 137-32-002(8) (1995). Inmates are provided the same quality and quantity of meals and similar personal hygiene items and facilities as the general inmate population. They are allowed to participate in daily exercise for no less than one hour outside their cells. They have the rights to correspondence, reading, recreation, and legal representation, and they can be visited by medical staff same as the general inmate population. See Wash.Admin.Code § 137-32-030 (1995)
 
 
 [3]
 Washington inmates placed in isolation as a sanction have the same opportunities for personal hygiene as the general inmate population. They retain their rights to correspondence, reading, and legal representation, and they receive daily visits by medical personnel and staff members. See Wash.Admin.Code § 137-28-110(5) (1995)