86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry WILSON, Plaintiff-Appellant,
v.
Larry KINCHELOE, Superintendent; Ken Killian, Defendants-Appellees.
 No. 95-35420.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry E. Wilson, an Alaska state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995), and affirm in part, vacate in part and remand for further proceedings.
 
 
 3
 Wilson contends that prison officials violated his due process rights when they: (1) placed him in administrative segregation, (2) revoked his contact visits, and (3) denied him rehabilitative services.[1]
 
 
 4
 Recently, the Supreme Court changed the analysis for determining whether a state has created a liberty interest protected by the Due Process Clause by limiting such liberty interests to "freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Qualified immunity, however, protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).
 
 
 5
 The defendants are entitled to qualified immunity for Wilson's claims regarding contact visits and rehabilitative services because, given established Ninth Circuit precedent at the time of the incidents, the defendants did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." See id.; Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir.1986) (holding there is no federal constitutional right to contact visits), cert. denied, 481 U.S. 1069 (1987); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985) (reiterating that "there is no constitutional right to rehabilitation").
 
 
 6
 The district court granted summary judgment for the defendants prior to the United States Supreme Court's decision in Sandin. Thus, neither the court nor the parties had the opportunity to consider the issues raised by that case. Accordingly, we reverse the district court's grant of summary judgment on Wilson's administrative segregation due process claim and remand for further proceedings in light of Sandin. 115 S.Ct. at 2300 (comparing various custodial conditions in prison to determine whether disciplinary segregation represents a restraint which is an atypical and significant hardship); see also Keenan v. Hall, No. 94-35726, slip. op. 5571, 5577-78 (9th Cir. May 8, 1995) (listing as relevant factors: the effect on the duration of the prisoner's sentence, (2) the duration of the action, and (3) the difference between general prison conditions and administrative segregation).
 
 
 7
 The parties shall bear their own costs on appeal.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We agree with the district court that Wilson failed to offer any evidence that defendants failed to properly train prison employees. See Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988) (holding that pro se plaintiff opposing summary judgment could not rest on conclusory allegations)