87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnnie Ray MAHON, Plaintiff-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden; P-Washington, Program
Administrator, individually and in his official
capacity; Garcia, CCI, individually and
in his/her official capacity,
Defendants-Appellees.
 No. 95-56849.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnnie Ray Mahon, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Mahon's 42 U.S.C. § 1983 civil rights action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Mahon was removed from his prison job and placed on Group C work status for his repeated failure to report to his work assignment. Mahon alleged that his due process rights were violated because the prison officials failed to provide him with adequate notice of the rules violation and prevented him from calling witnesses and presenting evidence at the hearing.
 
 
 4
 Prison inmates have a constitutionally protected liberty interest in freedom from restraint only when the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (holding that 30-day segregated confinement in Hawaii penitentiary did not present such atypical hardship so as to create liberty interest); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995) (applying Sandin ).
 
 
 5
 Here, as a result of being placed into Group C for thirty days, Mahon was denied certain privileges, such as family visits and telephone calls, and his yard access was restricted to three days per week. The temporary loss of these privileges did not "present a dramatic departure from the basic conditions" of Mahon's prison life. Sandin, 115 S.Ct. at 2301; see also Mujahid, 59 F.3d at 932. Accordingly, Mahon did not have a liberty interest that would have entitled him to due process protection when being disciplined. See Sandin, 115 S.Ct. at 2300-01.
 
 
 6
 Our de novo review of the entire record reveals that the district court properly granted summary judgment on Mahon's access to courts claim because Mahon failed to establish a triable issue of fact that his restricted law library access resulted in an actual injury. See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995).
 
 
 7
 The district court also properly granted summary judgment on Mahon's claim that his right to be free from cruel and unusual punishment was violated by defendants' limiting his outdoor exercise for thirty days. Although continuous deprivation of outdoor exercise violates the Eighth Amendment rights of prisoners confined to long-term segregation, see Keenan v. Hall, slip op. 5571, 5579 (9th Cir. May 8, 1996), Mahon was permitted to exercise outdoors at least three days a week and presented no evidence that defendants were deliberately indifferent to a serious medical need.[1]
 
 
 8
 We have considered the additional arguments made by Mahon, and find them to be without merit.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mahon presented no evidence that he was forced to choose between exercising on the yard and attending the law library
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal