91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Standley Vee BARNES, Plaintiff-Appellant,
v.
James HOPE, Warden, ICIO; Richard A. Vernon, Director of
Corrections; Pam Sonnen, Deputy Warden, ICIO; Lt.
MaCeachern, Head of Security; Linda Copple Trout, Second
District Court, Clearwater County, Defendants-Appellees.
 No. 95-35465.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Idaho state prisoner Standley Vee Barnes appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Barnes contends that prison officials violated his rights to due process and equal protection by refusing to allow him visits from his two-year old daughter. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995), and we affirm.
 
 
 3
 Barnes contends that prison officials violated his right to due process when they denied visitation privileges with his two-year old daughter without first holding a hearing. This contention lacks merit.
 
 
 4
 State regulations do not afford a prisoner a protected liberty interest entitling him to procedural protections unless the action by prison officials serves to increase his sentence or results in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. O'Connor, 115 S.Ct. 2293, 2300 (1995).[1]
 
 
 5
 Barnes does not allege that his term of incarceration has been increased. Nor does the denial of visitation privileges with his two-year old daughter present "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." See id. at 2301; see also Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) ("[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence' "). We therefore affirm the district court's summary judgment on Barnes' due process claim. See Mujahid, 59 F.3d at 932.
 
 
 6
 Barnes contends that prison officials violated his equal protection rights by denying him visits with his daughter. This contention also lacks merit.
 
 
 7
 Barnes was denied visitation on the grounds that he is in prison for killing a 14-month-old child with whom he'd been living. Barnes has failed to introduce any evidence to show that he was treated differently than other inmates similarly situated or that the prison's discretionary policy regarding visitation privileges bears no rational relationship to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78, 89, 99-100 (1987); Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir.1991). Accordingly, the district court properly granted summary judgment in favor of defendant prison officials.[2] See Mujahid, 59 F.3d at 932.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's decision in Sandin applies retroactively to the instant case, see Mujahid, 59 F.3d at 932 n. 2., and we can therefore affirm on this basis. See Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990) (we may affirm on any basis supported by the record)
 
 
 [2]
 Because Barnes does not appeal the district court's granting of summary judgment on his First and Eighth Amendment claims, we deem these issues waived. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 n. 3 (9th Cir.1996) (arguments not addressed in pro se brief are deemed abandoned)