98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David SOULE, Plaintiff-Appellant,
v.
Samuel A. LEWIS, individually and in his official capacity
as Director of the Department of Corrections; J.C. Keeney,
individually and in his official capacity as Assistant
Director of Adult Institutions; R.W. Crist, individually
and in his official capacity as Warden; J.R. Hallahan,
individually and in his official capacity as the former
Deputy Warden of Cimarron Unit at Tucson Complex; Lt.
Hilton, Defendants,
and
J. Lopez, individually and in her official capacity as
Correctional Program Officer; R.L. Jenson, individually and
in his official capacity as Correctional Program Officer;
Bruce Harkreader, individually and in his official capacity
as former Correctional Program Officer at the Cimarron Unit
at Tucson Complex; D. Gonzales; M. Delaney, T. Lyerla; M.
Kirby; Lt. Trudeau; Lt. Robles; Sgt. O'Rear; Sgt.
Granberry; CSO Sundwall, Defendants-Appellees.
 Nos. 95-16679, 95-17370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 1
 Appeals from the United States District Court for the District of Arizona, No. CV-90-00636-NF; Nancy Fiora, Magistrate Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 No. 95-16679 REVERSED, No. 95-17370 AFFIRMED.
 
 
 4
 In no. 95-16679, Soule contends that the district court erred by (1) only awarding him nominal damages in his access to the courts claim; (2) determining that a December, 1990 memorandum from defendant Samuel Lewis, the director of the Arizona Department of Corrections ("ADOC"), modified the prison's inmate telephone use policy; and (3) failing to address his request for punitive damages.
 
 
 5
 We review for clear error a district court's factual findings following a bench trial and its legal conclusions de novo. See Price v. United States Navy, 39 F.3d 1011, 1021 (9th Cir.1994). We review for abuse of discretion a district court's decision to grant or deny punitive damages. Cf. Hopkins v. Dow Corning Corp., 33 F.3d 1116, 1126 (9th Cir.1994), cert. denied, 115 S.Ct. 734 (1995).
 
 
 6
 Inmates alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct. See Lewis v. Casey, 116 S.Ct. 2174, 2180-82 (1996). Punitive damages in a section 1983 action are proper if the plaintiff demonstrates that a defendant's unconstitutional conduct was motivated by an evil motive or intent, or that the defendant displayed a reckless or callous disregard to the plaintiff's federally protected rights. See Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir.1992).
 
 
 7
 Here, Soule alleged that defendants impeded his access to the courts by remaining in their offices to monitor phone calls between Soule and his attorney. Soule alleged that this monitoring prevented him from obtaining a higher settlement in a separate action filed against ADOC prison officials. Because the trial testimony established that Soule had experienced some difficulty in communicating with his attorney, the district court concluded that defendants had violated Soule's constitutional right of access to the courts. The district court, however, only awarded Soule nominal damages. In light of the Supreme Court's decision in Lewis v. Casey, 116 S.Ct. 2174 (1996), we conclude that the district court erred by awarding judgment to Soule because he failed to demonstrate an actual injury. See id. at 2180-82. Accordingly, we reverse the district court's judgment finding that defendants violated Soule's constitutional right of access to the courts and awarding Soule nominal damages.[1]
 
 
 8
 We conclude that the district court did not clearly err by finding that the December, 1990 Lewis memorandum modified the inmate telephone use policy by requiring prison officials to remain out of hearing distance from phone conversations between inmates and their attorneys, because the trial testimony clearly supports the district court's conclusion. See Price, 39 F.3d at 1021.
 
 
 9
 We also conclude that the district court did not abuse its discretion when it did not explicitly deny Soule's request for punitive damages because the court implicitly denied this request by finding that Soule was only entitled to nominal damages. Moreover, we note that Soule has not identified anything in the record that would support an award of punitive damages. See Ward, 967 F.2d at 286; cf. Hopkins, 33 F.3d at 1127-28 (affirming a jury's award of punitive damages because plaintiff's evidence warranted the imposition of punitive damages against defendant).
 
 
 10
 In appeal no. 95-17370, Soule contends that he is entitled to costs and attorney's fees under 42 U.S.C. § 1988 because his lawsuit caused defendants to change the prison's inmate telephone use policy. See Wilcox v. City of Reno, 42 F.3d 550, 555 (9th Cir.1994). We review for abuse of discretion the district court's decision to deny Soule attorney's fees and costs. See id. at 553.
 
 
 11
 A plaintiff seeking attorney's fees under section 1988 must demonstrate that he is a prevailing party by obtaining an enforceable judgment, consent decree, or settlement against the defendant. See Farrar v. Hobby, 506 U.S. 103, 111-13 (1992); Kilgour v. City of Pasadena, 53 F.3d 1007, 1010 (9th Cir.1995).
 
 
 12
 Because we reverse the district court's judgment granting Soule nominal damages in appeal no. 95-16679, Soule is not a prevailing party in appeal no. 95-17370. See Farrar, 506 U.S. at 111-13. The magistrate judge considered Soule's contention that his lawsuit caused Defendants to change the inmate telephone use policy. She found, based on the uncontradicted evidence, that it did not. Accordingly, we affirm the district court's order finding that Soule was not entitled to an award of attorney's fees and costs under section 1988.
 
 
 13
 Appellees are entitled to recover their costs in each appeal.
 
 
 14
 Appeal no. 95-16679 is REVERSED; appeal no. 95-17370 is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Supreme Court applied the rule announced in Lewis to the parties in that case, we apply this rule retroactively to the instant case. Cf. Mujahid v. Meyer, 59 F.3d 931, 932 n. 2 (9th Cir.1995) (applying the rule announced in Sandin v. Conner, 115 S.Ct. 2293 (1995), retroactively to the parties in Mujahid ). We note that Lewis effectively overrules our prior caselaw which once held that a prisoner did not have to demonstrate actual injury in access to the courts claims involving the prisoner's ability to communicate with his attorney. See Casey v. Lewis, 43 F.3d 1261, 1269-70 (9th Cir.1994)