116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard K. JOHNSON, Plaintiff-Appellant,
v.
S. Frank THOMPSON, Superintendent of the Oregon State
Penitentiary; Lemuel Stigler, Hearings Officer at
the Oregon State Penitentiary,
Defendants-Appellees.
 No. 96-35642.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, Chief Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard K. Thompson, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Thompson' § 42 U.S.C. § 1983 civil rights action alleging a due process violation in connection with his transfer into disciplinary segregation. The district court granted summary judgment for the defendants, holding that Johnson did not have a liberty interest in remaining free from disciplinary segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) and affirm.
 
 
 3
 To be afforded the procedural protections of the Due Process Clause, Johnson must show that his confinement in disciplinary segregation imposed an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995) (per curiam)
 
 
 4
 Here, the parties do not dispute that Johnson was transferred into the disciplinary segregation unit ("DSU") for thirty-five days as a result of his alleged misconduct. In addition to his confinement in the DSU, Johnson's canteen privileges were revoked for fourteen days and his contact visits were suspended for six months. Johnson also lost his prison job and was fined $75.00.
 
 
 5
 In support of their second motion for summary judgment, the defendants submitted, at Judge Panner's direction, a detailed affidavit, demonstrating that the conditions of confinement in the DSU at the Oregon State Penitentiary ("OSP") were similar to the conditions of confinement in the administrative segregation unit ("ASU"). Because Johnson failed to submit any evidence controverting this affidavit, there are no disputed issues of fact about the conditions of confinement in the DSU or the ASU at OSP.
 
 
 6
 The remaining question is whether Johnson's transfer into the DSU imposed an atypical and significant hardship upon him in relation to the ordinary incidents of prison life, thereby giving rise to a liberty interest and to the attendant procedural protections of the Due Process Clause. We agree with the district court's conclusion that Johnson did not have a liberty interest in remaining free from disciplinary segregation. As the district court observed, the conditions of confinement in the DSU and ASU at OSP are very similar. See Sandin, 115 S.Ct. at 2301 (concluding that no atypical and significant hardship existed where the record showed that, with insignificant exceptions, the conditions in disciplinary segregation mirrored the conditions in administrative segregation and protective custody); cf. Keenan, 83 F.3d at 1088 (suggesting that a major difference between conditions in the general population and disciplinary segregation may give rise to a liberty interest). Moreover, conditions in the DSU at OSP appear to comply with the Eighth Amendment. See Keenan, 83 F.3d at 1089. In addition, the length of Johnson's sentence in the DSU was only 35 days. See Mulahid, 59 F.3d at 932 (concluding that fourteen days in disciplinary segregation was insufficient to give rise to a liberty interest). Finally, Johnson failed to show how, if at all, his transfer into the DSU might affect the duration of his sentence. See Keenan, 83 F.3d at 1089. Accordingly, the district court did not err by granting summary judgment for the defendants.
 
 
 7
 We have considered Johnson's remaining contentions and conclude that they lack merit.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3