125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry BANKS, Plaintiff-Appellant,
v.
IDAHO BOARD OF CORRECTIONS; Steve Russik; Pam Sonnen; Jim
Hope, Warden; James Spalding, Director, Idaho
Dept. of Corrections, Defendants-Appellees.
 No. 96-36209.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-95-00378-EJL; Edward J. Lodge, Chief Judge, Presiding
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Idaho state prisoner Jerry Banks appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Banks contends that prison officials violated his right to due process by denying him contact visits with his four minor children. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995), and we affirm.
 
 
 3
 Banks contends that prison officials violated his right to due process when they denied visitation privileges with his minor children without first holding a hearing. This contention lacks merit.
 
 
 4
 State regulations do not afford a prisoner a protected liberty interest entitling him to procedural protections unless the action by prison officials serves to increase his sentence or results in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. O'Connor, 115 S.Ct. 2293, 2300 (1995).
 
 
 5
 Banks does not allege that his term of incarceration has been increased. Nor does the denial of visitation privileges with his children present "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." See id. at 2301; see also Kentucky Dep't of Corrections v. Thompson, 490 J.S. 454, 461 (1989) ("[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence' "). Moreover, Banks was denied visitation on the ground that he is incarcerated for sexually abusing his children, Although Banks was convicted of molesting only one of his children, he has failed to show that the denial of visitation privileges with the non-victim children bears no rational relationship to a legitimate penological interest. See Turner v. Safely, 482 U.S 78, 89, 99-100 (1987). Accordingly, the district court properly granted summary judgment in favor of defendant prison officials.[1] See Mujahid, 59 F.3d at 932.
 
 
 6
 Finally, we reject Banks's contentions regarding the pre-sentence report (PSR). First, the district court properly admitted the PSR. See Fed.R.Evid. 803(8)(C); see also Johnson v. City of Pleasanton, 982 F.2d 350, 352 (9th Cir.1992) ("a court should admit records, reports, statements, or data compilations, in any form of public offices or agencies setting forth factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness"). Second, the district court did not abuse it discretion by issuing a protective order sealing the document. See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, 62 F.3d 1217, 1219 (9th Cir.1995).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Banks does not appeal the district court's granting of summary judgment on his First and Eighth Amendment claims, we deem these issues waived. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 n. 3 (9th Cir.1996) (arguments not addressed in pro se brief are deemed abandoned)