**Michael EPSTEIN; Claudia Hall Epstein, Plaintiffs— Appellants,**

v.

**Robert BAYER; Jackie Crawford; Bill Donat; Craig Farwell; Robert Hildreth; Hink, C/O; Michael Irvin; E.K. McDaniel; Karen Merwin; Dwight Neven; Carol Ployer; Dale Presswood; John Slansky; Joyce Snyder, Defendants—Appellees.**

No. 00–17255.

D.C. No. CV–98–00758–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2002 *.

Decided May 10, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

MEMORANDUM **

1. The prison authorities did not deny Michael Epstein due process of law by disallowing visits from his wife, a former employee of a contractor for the Nevada Department of Prisons. "The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." *Ky. Dep't of Corrs. v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (internal quotation marks and citation omitted). Nor do the Nevada Department of Prisons regulations providing for visits by former prison staff with the permission of the prison authorities create a liberty interest protected by the Due Process Clause, because such permission is discretionary and the denial of such visits is within the possible terms of an inmate's confinement. *See Sandin v. Conner,* 515 U.S. 472, 484–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mujahid v. Meyer,* 59 F.3d 931, 932 (9th Cir.1995) (per curiam).

2. Although the Nevada Department of Prisons regulations give prison authorities discretion to prohibit visits by former prison staff, this discretion may not be exercised arbitrarily. *See Sandin,* 515 U.S. at 487 n. 11, 115 S.Ct. 2293. The prison authorities argue that their decision to disallow Michael Epstein conjugal visits is based on a legitimate penological concern that, as a former prison employee with a knowledge of the state prison facilities, Epstein's wife presents a security risk.

The Epsteins allege, however, that other inmates have been permitted visits by family members who are former prison employees. In particular, Michael Epstein's affidavit opposing the motion for summary judgment states that he has personally witnessed another inmate, Todd Mulder, receive visits from his father, a former employee of the Nevada Department of Prisons. Contrary to the district court's conclusion, this statement is admissible evidence, because it is "made on personal knowledge [and] set[s] forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e). The state failed to address this claim.

Drawing all reasonable inferences in favor of the Epsteins, *Kling v. Hallmark Cards Inc.,* 225 F.3d 1030, 1035 (9th Cir. 2000), we conclude that this evidence raises a genuine issue of material fact as to whether the prison authorities treated Epstein differently than other similarly situated inmates without a rational penological justification. *See McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir.1987). We therefore reverse the district court's grant of summary judgment for the defendants and remand for trial on Michael Epstein's equal protection claim.

3. We deny Michael Epstein's motion for appointment of counsel on appeal but instruct the district court to appoint counsel on remand.

REVERSED and REMANDED.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.