**Montez KENNEDY, Plaintiff–Appellant,**

v.

**R. DOYLE, et al., Defendants–Appellees.**

No. 01-2487.

United States Court of Appeals, Sixth Circuit.

June 17, 2002.

**756**

Before SILER and MOORE, Circuit Judges; and STAFFORD, District Judge.*

### ORDER

Montez Kennedy, a Michigan prisoner proceeding pro se, appeals the summary judgment for the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kennedy is an inmate at the Ionia Maximum Correctional Facility. The facts underlying this lawsuit are adequately set forth in the magistrate judge's report and recommendation and will not be repeated herein. His complaint alleges that the defendant prison officials and employees violated his Eighth Amendment right against cruel and unusual punishment, and Four-

teenth Amendment right to due process, when he was placed in restraints and denied food, use of the toilet, and medical care for extended periods. Kennedy sought equitable and monetary relief and sued the defendants in their individual capacities.

The defendants filed a motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted for the defendants. The district court adopted the report and recommendation over Kennedy's objections. This appeal followed.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Plaintiff simply cannot show an Eighth Amendment violation under the circumstances of this case. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Summary judgment is proper to the extent that Kennedy asserted in his complaint that his placement in restraints on numerous occasions constituted the use of excessive force. If a convicted prisoner asserts a claim of excessive use of force, the Eighth Amendment serves as the exclusive source of protection for such a prisoner. *See Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (primary source); *Cornwell v. Dahlberg,* 963 F.2d 912, 915–16 (6th Cir.1992) (exclusive source). When prison officials are accused of using excessive physical force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hud-*

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

son v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Although the improper use of restraints may violate the Eighth Amendment, *see Williams v. Vidor*, 17 F.3d 857, 859 (6th Cir.1994) (top of bed restraints), physical restraints are constitutionally permissible where there is penological justification for their use. *See Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

The record reveals that Kennedy was placed in restraints only after he broke his prison cell window. The restraints were designed to control Kennedy's behavior. More restrictive restraints were placed on Kennedy after he continued to be involved in breaking one window while in restraints and attempting to break another window. Moreover, even after Kennedy was released from restraints, he broke another window, which justified the defendants' action in again placing Kennedy in restraints. The defendants complied with Policy Directive 04.05.112, which established restraint procedures for handling disruptive prisoners.

Summary judgment for the defendants on Kennedy's Fourteenth Amendment claim was proper for a reason other than the reason stated by the district court. *See Allen v. Diebold, Inc.*, 33 F.3d 674, 676 (6th Cir.1994). With respect to Kennedy's claim that he was unconstitutionally placed in soft, hard and "top of bed" restraints, these allegations were insufficient to defeat the motion for summary judgment. Kennedy failed to show that placement in such restraints imposed "atypical and significant hardship" so as to warrant further investigation as to whether his due process rights were violated. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that 30–day segregated confinement in Hawaii penitentiary did not present such atypical hardship so as to create liberty interest); *Mu-*

*jahid v. Meyer*, 59 F.3d 931, 932 (9th Cir.1995) (applying *Sandin* ).

Kennedy's remaining arguments lack merit. An appellate court reviews a district court's ruling on a discovery matter using an abuse of discretion standard. *See Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir.1991). Abuse of discretion is defined as a firm and definite conviction that the trial court committed a clear error of judgment. *See Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989). Because the only genuine issues of material fact in this case were resolved by the medical documents and prison records that were provided through discovery, the district court did not abuse its discretion in denying Kennedy's remaining requests.

Moreover, the district court did not abuse its discretion when it denied Kennedy's motion for the appointment of counsel. A district court has discretion to appoint counsel for an indigent civil litigant, 28 U.S.C. § 1915(e)(1), and review of a district court's order denying appointment of counsel is for abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). In this case, the district court appropriately considered whether exceptional circumstances warranted the appointment of counsel and determined that they did not. Because the issues in this case were not complex and Kennedy stood a poor chance of success on the merits, the district court did not abuse its discretion in denying his motion for appointed counsel.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.