103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. WILKERSON, Plaintiff-Appellant,
v.
T. PEETE, Chief Deputy Warden; Pelican Bay State Prison, P.
Dillard, E. Hepburn, J.R. O'Coyne, Defendants-Appellees.
 No. 94-16559.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.R. Wilkerson appeals pro se the district court's grant of summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995), and affirm.
 
 
 3
 Wilkerson first contends that the district court erred by granting summary judgment for prison officials on his claims that his constitutional rights were violated when prison officials: (1) first refused to allow him to complete an autobody program and then refused transfer him from the autobody program to a clerical position; (2) denied his requests to transfer to another correctional institution; (3) placed him in administrative segregation for 34 days; and (4) refused to reclassify him.[1] These contentions lack merit.
 
 
 4
 We review a district court's grant of summary judgment de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). Summary judgment is appropriate if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of material fact if the nonmoving party, who bears the burden of proof at trial, fails to establish each element of his claim with "significant probative evidence tending to support the complaint." Barnett, 31 F.3d at 815 (internal quotations omitted). Moreover, conclusory allegations unsupported by evidence are insufficient to withstand a motion for summary judgment. Taylor, 880 F.2d at 1045.
 
 
 5
 A prisoner has no federal or state protected liberty interest in due process when his sentence has not been increased and the sanction imposed is not "atypical and significant" in relation to the ordinary incidents of prison life. See Sandin v. Conner, 115 S.Ct. 2293, 2300-02 (1995).[2]
 
 
 6
 Wilkerson does not have a liberty interest in rehabilitative services, reclassification or transfer to another institution. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (the Due Process Clause does not create a liberty interest in being transferred to a less restrictive environment); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (noting that the Due Process Clause does not create a liberty interest in a particular classification); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1985) (holding that constitution does not create a liberty interest in remaining in the general population); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985) (holding that there is no constitutional right to rehabilitative services). Moreover, these actions did not increase Wilkerson's sentence, nor are they "atypical and significant" in relation to the ordinary incidents of prison life. See Sandin, 115 S.Ct. at 2301.
 
 
 7
 We need not decide whether Wilkerson's placement in administrative segregation for "stalking" a female guard was "atypical or significant" because we agree with the district court that due process requirements were met. See Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974); see also Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir.1996) (noting that the Supreme Court in Sandin ruled that prisoner had no protected liberty interest when sanctioned with thirty days in disciplinary segregation). We also note that prison officials removed the rule violation for "stalking" from Wilkerson's file after Wilkerson administratively appealed. See Sandin, at 2301. Accordingly, summary judgment was appropriate on these claims. See Barnett, 31 F.3d at 815.
 
 
 8
 Wilkerson next contends that the district court erred when it granted summary judgment on Wilkerson's claim that the above actions were in retaliation for his filing of inmate appeals. This contention lacks merit.
 
 
 9
 Prisoners advancing retaliation claims under section 1983 must demonstrate that (1) prison officials retaliated against them for exercising their constitutional rights; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, and rehabilitation of prisoners. Id. at 815-16; Rizzo, 778 F.2d at 532. In addition, federal courts "should 'afford appropriate deference and flexibility' to prison officials [when evaluating the] proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (quoting Sandin, 115 S.Ct. at 2299).
 
 
 10
 First, Wilkerson failed to produce "significant probative evidence tending to support [his] complaint" of retaliation. See Barnett, 31 F.3d at 815 (internal quotations omitted). In addition, the record is replete with evidence that defendants' actions were in response to Wilkerson's numerous disciplinary infractions and thus furthered the legitimate penological goal of preserving institutional order and discipline. See id. at 815-16. Accordingly, the district court properly granted summary judgment to defendants. See id. at 815.
 
 
 11
 Finally, Wilkerson contends the district court erred in granting summary judgment for the defendants on his claim that prison officials were deliberately indifferent to his medical needs when they refused to transfer him to a medical facility where he could receive a special diet and Vitamin A treatment for his hepatitis. We disagree.
 
 
 12
 In order to establish deliberate indifference under the Eighth Amendment, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992); Estelle v. Gamble, 429 U.S. 97, 104 (1976). A difference of opinion between a prisoner-patient and prison medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 13
 Here, uncontroverted evidence shows that Wilkerson was sent to California Medical Facility for an evaluation of the progress of his hepatitis. On the basis of a liver biopsy, a specialist determined that Wilkerson's hepatitis had not progressed enough to warrant treatment. Accordingly, the evidence does not show that the defendants have purposefully ignored or failed to respond to Wilkerson's hepatitis, see McGuckin, 974 F.2d at 1060, or that Wilkerson's assertion that he should be transferred to a medical facility is anything more that a difference of opinion regarding his medical care, see Franklin, 662 F.2d at 1344.
 
 
 14
 The district court's grant of summary judgment is AFFIRMED.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not repeat the lengthy factual background thoroughly set out in the district court's August 22, 1994 order
 
 
 [2]
 The Supreme Court's decision in Sandin applies retroactively to the instant case, see Mujahid, 59 F.3d at 932 n. 2., and thus, we may affirm on this basis. See Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (holding that court of appeals may affirm on any basis supported by the record)
 
 
 [3]
 To the extent that Wilkerson is contending that defendants' actions have resulted in denial of parole, this claim affects the duration of his sentence for which Wilkerson's exclusive remedy is a writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995)