_____

No. 95-4037
_____

Robert Driscoll,                    *
                                    *
          Appellant,                *
                                    *
     v.                             *
                                    *
Larry Youngman,                     *
                                    * Appeal from the United States
          Defendant,                * District Court for the
                                    * Eastern District of Missouri
Paul K. Delo; Fred Johnson;         *
George E. White; Don Roper;         *          [UNPUBLISHED]
                                    *
          Appellees,                *
                                    *
Mike Rawson,                        *
                                    *
          Defendant.                *


                       _____

          Submitted:  August 2, 1996

              Filed:  January 21, 1997
                       _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                       _____


PER CURIAM.


     Robert Driscoll appeals from the final judgment of the District Court for the Eastern District of Missouri granting summary judgment to prison officials in this 42 U.S.C. § 1983 action.  For the reasons discussed below, we reverse and remand for further proceedings.

     Driscoll, an inmate at the Potosi Correctional Center (PCC), filed a complaint alleging, inter alia, that on September 14, 1992, defendant Larry Youngman issued him a false conduct violation (CV)

charging him with violating Rule #5--Riot--by "being present" at an August 16 incident and "supporting those inmates who were fighting." Driscoll appeared at a September 22 disciplinary hearing, at which defendants Fred Johnson and George White found him guilty and sentenced him to thirty days in disciplinary segregation, referred the matter for criminal prosecution, and recommended referral to administrative segregation. Defendant Don Roper approved the action. Driscoll alleged that the CV did not state any facts supporting the violation and that he was never advised what evidence defendants relied on to support the guilt finding. Driscoll also challenged the conditions of his confinement, claiming he was denied meaningful exercise, natural light, and adequate time in the library.

Adopting the magistrate judge's recommendations, the district court dismissed as legally frivolous Driscoll's claims that he was denied access to the courts and natural light, but allowed him to proceed in forma pauperis on the other claims. Defendants then moved for summary judgment and submitted documentary evidence in support thereof. Driscoll also moved for summary judgment, asserting that he spent 135 days in the "hole," and arguing that the evidence submitted in defendants' summary judgment motion conclusively established he was entitled to judgment as a matter of law.

On October 31, 1994, the district court granted judgment as a matter of law to Driscoll on his due process claim, concluding that the only evidence relied on by defendants that implicated him in the August 16 riot was the CV issued by Youngman, which stated that an "investigation" revealed Driscoll was involved by "being present and supporting those inmates who were fighting." There was no evidence, however, that Driscoll was engaged in rioting as that

offense was defined.[1]  Thus, there was not "some evidence" to support the guilt determination.  The district court further concluded defendants were not entitled to qualified immunity and postponed determining Driscoll's damages for having spent over 100 days in administrative segregation.  Defendants moved to reconsider this grant of summary judgment.

On July 31, 1995, defendants supplemented their motion for summary judgment, arguing that in light of the Supreme Court's decision in <u>Sandin v. Conner</u>, 115 S. Ct. 2293 (1995) (<u>Sandin</u>), Driscoll had no liberty interest in remaining free from segregation because he did not show it resulted in an atypical or significant deprivation falling outside the expected parameters of the sentence imposed.  Without conducting further proceedings, the district court concluded that Driscoll was not entitled to due process protection in light of <u>Sandin</u> and granted defendants summary judgment.

On appeal, Driscoll argues <u>Sandin</u> should not be applied retroactively and is distinguishable because Driscoll was punished for no reason and Sandin was not; alternatively, this court should remand for the district court to make a particularized determination regarding PCC's conditions of confinement.

Driscoll's argument that <u>Sandin</u> is not retroactive is foreclosed by this court's decision in <u>Callender v. Sioux City Residential Treatment Facility</u>, 88 F.3d 666, 669 (8th Cir. 1996).

The Supreme Court in <u>Sandin</u> concluded that Sandin's confine-ment in disciplinary segregation did not impose an  "atypical and significant hardship."  The Court supported its conclusion by

---

[1]Institutional Rule #5 defines Riot as "[k]nowingly assembling with six or more inmates and agreeing or participating with such inmates to violate any institutional, divisional, departmental, state or federal rule or law with force or violence."

discussing the various custodial conditions at the particular prison in question and by demonstrating that Sandin's segregation "did not work a major disruption in his environment."  115 S. Ct. at 2301.

In contrast to the detailed record in Sandin, the record here did not contain and the district court did not cite any factual support for concluding that Driscoll's segregation did not impose on him an "atypical and significant hardship" in relation to the "ordinary incidents of prison life."  Id. at 2300.  We hold that Sandin requires this factual determination.  See Samuels v. Mockry, 77 F.3d 34, 38 (2d Cir. 1996) (per curiam); Gotcher v. Wood, 66 F.3d 1097, 1101 (9th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385); Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir. 1995) (per curiam).  Thus, we remand for such a factual determination.  See Samuels, 77 F.3d at 38 (factual determination should not be made by appeals court in first instance).

Accordingly, the judgment of the district court is reversed and the case remanded for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-