[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 97-4422
Non-Argument Calendar

————————————————

D. C. Docket No. 95-596-CV-WMH

CHARLES EDWARD RODGERS,

Plaintiff-Appellant,

versus

HARRY K. SINGLETARY, Secretary,
Florida Department of Corrections;
MARTA VILLACORTA, Superintendent, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————
**(June 2, 1998)**

Before ANDERSON, COX and DUBINA, Circuit Judges.

PER CURIAM:

Charlie Edward Rodgers appeals the district court's grant of summary judgment and dismissal for failure to state a claim in his civil rights action under 42 U.S.C. § 1983. Rodgers, a state prisoner, filed a *pro se* civil rights complaint requesting monetary damages, injunctive and declaratory relief for alleged constitutional deprivations he suffered stemming from events occurring at the South Florida Reception Center in 1993. The complaint alleges that Rodgers requested a sanitary dining table, and that in response Defendant Gonzalez, a corrections officer, filed a false disciplinary report against Rodgers. Rodgers was placed in "administrative confinement" pending resolution of the disciplinary report. The disciplinary report was subsequently dismissed in accordance with prison regulations because the case was not heard within seven days, but Rodgers remained in administrative confinement because he had pending criminal charges arising from his altercation with Gonzalez. Rodgers remained for approximately two months pending resolution of the criminal charges; he alleges that his confinement was in violation of his due process rights. Rodgers also alleges that Defendants Singletary and Villacorta denied him due process in connection with the alleged wrongful confinement by failing to promptly release him after he had given them notice of his situation through the grievance procedure.

With respect to Rodgers' due process claim, the district court dismissed the claims for declaratory and injunctive relief as moot and dismissed the damages action

1

against Gonzalez pursuant to 28 U.S.C. § 1915 for failure to state a claim. The district court also granted summary judgment for Singletary and Villacorta on the damages claim, concluding that Rodgers had failed to show the deprivation of a protected liberty interest as required by *Sandin v. Conner*.[1] Rodgers appeals the district court's ruling. He argues that the district court erred in relying on *Sandin* in dismissing his claim of an unconstitutional administrative confinement against Singletary and Villacorta, because, he argues, *Sandin* was decided two years after the incident, and the law at the time of the incident must govern.[2]

This court reviews a district court's grant of summary judgment *de novo*, with all evidence and reasonable factual inferences viewed in the light most favorable to the nonmoving party. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). Rodgers cites *Jenkins by Hall v. Talladega City Board of Education*, 95 F.3d 1036, 1043 n.13 (11th Cir. 1996) for the proposition that we should apply the law as it existed at the time of the incident, and therefore that *Sandin* is inapplicable to his case. *Jenkins*, however, was a qualified immunity case. The footnote that Rodgers

---

[1]515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995) (holding that inmate can only claim a due process violation if he can show deprivation of protected liberty interest, and that such interests are generally limited to (a) those actions that unexpectedly alter the inmate's term of imprisonment; and (b) those actions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life).

[2]Rodgers also alleged that the defendants used excessive force in an incident arising from his request for a sanitary shower stall and that the defendants verbally abused him. The district court ruled in the defendants' favor on these claims as well. We write today only to address the district court's rulings as to Rodgers' due process claim, as none of the other issues Rodgers raises on appeal merit discussion. *See* 11TH CIR. R. 36-1.

2

cites merely expresses the well-established proposition that in considering a qualified immunity defense, a reviewing court should refer to the law as it existed at the time of the conduct at issue in analyzing whether a defendant should have known that he was violating a clearly established right. Thus, *Jenkins* is inapplicable here.

The general rule is that decisions of the Supreme Court "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S. Ct. 2510, 2517 (1993). *Sandin* was decided in 1995, and the district court did not issue the subject order until 1997. Thus, Rodgers' case was still open when the district court applied *Sandin*, and under *Harper*, the district court was correct in giving *Sandin* full retroactive effect. Every other federal appellate court that has considered the question has held *Sandin* to apply retroactively, and we likewise so hold here. *See Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Driscoll v. Youngman*, 105 F.3d 393, 394 (8th Cir. 1997); *Talley v. Hesse*, 91 F.3d 1411, 1412 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996); *Dominique v. Weld*, 73 F.3d 1156, 1160 n.6 (1st Cir. 1996); *Mujahid v. Meyer*, 59 F.3d 931, 932 n.2 (9th Cir. 1995). As for the merits of Rodgers' claim, we agree with the district court that Rodgers has not shown that he was deprived of a constitutionally protected liberty interest as defined in *Sandin*.

AFFIRMED.