[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-10883
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 05-02148-CV-CAP-1

SHELTON R. THOMAS,

                                          Plaintiff-Appellant,

                    versus

NEIL WARNER, Sheriff,
COLONEL ALDER, he/she is being
sued in his individual and official
capacity,
MAJOR PRINCE, he/she is being
sued in his/her individual and official
capacity,
LIEUTENANT RAY, he/she is being
sued in his/her individual and official
capacity,
SERGEANT BENITES, sued in his
individual and official capacity,
et al.,

                                          Defendants-Appellees.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

**(June 5, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Shelton Thomas, a state prisoner, appeals pro se the district court's sua sponte dismissal of Plaintiff's complaint alleging constitutional violations of the First, Eighth, and Fourteenth Amendments. Finding no reversible error, we affirm.

According to Plaintiff's complaint, these are the facts. Plaintiff is an inmate of the Cobb County Adult Detention Center. Prison officials denied Plaintiff access to the prison's law library between 14 June 2005 and 21 June 2005, and Plaintiff claims this action was a denial of access to the courts because he could not prepare his state habeas petition. When he was denied access to the law library, Plaintiff pursued relief through the prison's grievance procedures. But prison officials refused to sign his grievances, ignored his grievances, and otherwise failed to follow the prison's grievance procedures; Plaintiff claims he was deprived of due process.

On 19 July 2005, Plaintiff submitted a grievance to Deputy Sheriff M. Gloyd for signing. Plaintiff asked Sheriff Gloyd if he needed to place the pink copy under the original before signing, and Sheriff Gloyd "reacted aggressively"

by "swiping the original grievance and snatching the pink copy and . . . signing it in a very hostile manner." Plaintiff responded, "Dude, you don't have to get piss-off about it." Sheriff Gloyd made a dismissive motion with his hand and said, "Get on away from the table." Plaintiff responded, "What you gonna do, make me stand in a corner?" Sheriff Gloyd then walked around the table, reached for some chemical agent, and ordered Plaintiff to "cuff up." Plaintiff raised his hands and said, "Cuff up for what?" Sheriff Gloyd then sprayed Plaintiff in the face with the chemical agent, causing pain and discomfort, high blood pressure, and a pus like excretion in both of his eyes. Plaintiff claims that this conduct was done in retaliation for his grievances, violating his First Amendment rights.[1]

As a result of the 19 July 2005 incident, Sheriff Gloyd filed a disciplinary report against Plaintiff, who was then given a disciplinary hearing. In the hearing, Plaintiff was prevented from calling witnesses and introducing exculpatory evidence, and Plaintiff was sentenced to 20 days in isolation. While in isolation, Plaintiff's meals consisted of "nutra-loaf" and water. Plaintiff argues that he was denied due process in his disciplinary hearing and that, in the light of his dietary

---

[1]Plaintiff asserted below that this conduct also violated his Eighth Amendment rights, and the district court dismissed that claim. Because Plaintiff does not raise this issue on appeal, it is abandoned. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

restrictions for high blood pressure, his meals in isolation constituted "cruel and unusual punishment."

Based on these allegations, Plaintiff filed suit under 42 U.S.C. § 1983 against prison officials. The district court dismissed the suit under 28 U.S.C. § 1915A for failure to state a claim.[2] We affirm.

We review de novo a dismissal for failure to state a claim under § 1915A(b)(1). Leal v. Georgia Dep't of Corrections, 254 F.3d 1276, 1279 (11th Cir. 2001). We will accept all allegations in the complaint as true and will construe them in the light most favorable to Plaintiff. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

First, the district court correctly decided that Plaintiff's allegations fail to state an access-to-the-courts claim. The "constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law." Wilson v. Blankenship,

---

[2]Section 1915A(b) of Title 28 provides that a federal court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." A complaint is frivolous when the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). Although the district court ordered that the instant action be "dismissed as frivolous pursuant to 28 U.S.C. § 1915A," the district court's analysis reveals that the dismissal was ordered because Plaintiff's complaint failed to state a claim.

163 F.3d 1284, 1290 (11th Cir. 1998). But to succeed on an access to the courts claim, a prisoner "must show actual injury as a constitutional prerequisite." Id. A prisoner "cannot merely allege a denial of access to a law library or adequate attorney." Id. at 1291. Instead, he "must demonstrate that the lack of a law library or inadequate access to counsel hindered his efforts to proceed with a legal claim in a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

Here, Plaintiff has only alleged a denial of access to a law library for a short time. He has alleged no facts showing how his efforts to pursue state habeas relief were hindered by being denied access to the library. Accordingly, Plaintiff fails to state a claim.

Second, the district court correctly dismissed Plaintiff's due process claim based on the prison's grievance procedures. We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (stating that Constitution creates no entitlement to voluntarily established grievance procedure); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (same). Therefore, Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.

5

Third, Plaintiff's complaint fails to state a First Amendment claim of retaliation. Retaliation against an inmate for filing grievances or lawsuits can violate the inmate's First Amendment rights. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). But to succeed on a retaliation claim, the prisoner must demonstrate that "the prison official's actions were the result of [the prisoner's] having filed a grievance concerning the conditions of his imprisonment." Id. In other words, the prisoner must establish that his grievance was the cause of the retaliatory treatment.

Here, Plaintiff's complaint alleges no facts showing that the grievances caused Sheriff Gloyd to spray Plaintiff with the chemical agent and subsequently file a disciplinary report. According to Plaintiff's version of the facts as set out in the complaint, Sheriff Gloyd took no disciplinary action against Plaintiff until Plaintiff disobeyed Sheriff Gloyd's orders to back down. Thus, based on the complaint, Sheriff Gloyd's acts were only done in response to Plaintiff's misconduct. Without facts showing that Sheriff Gloyd's act was a result of Plaintiff's grievances, he fails to state a First Amendment claim of retaliation.

Fourth, Plaintiff stated no due process claim based on his inability to introduce certain evidence in his disciplinary hearing that resulted in 20 days of isolation. A prisoner, "who has already been deprived of liberty, can be deprived

6

further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir.1999). We agree with the district court that Plaintiff's 20 days in isolation was not an excessive, atypical or significant hardship that would implicate the Due Process Clause. See Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998).

Fifth, Plaintiff did not state an Eighth Amendment claim based on his dietary restrictions for high blood pressure and being fed "nutra-loaf" during isolation. Deliberate indifference to an prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 97 S.Ct. 285, 291 (1976). But the medical treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotations omitted).

Plaintiff's allegations are merely conclusory.  He fails to assert any imminent health risks, deliberate indifference of prison officials to his serious medical needs, or gross incompetence.  Thus, Plaintiff's complaint fails to state an Eighth Amendment claim.

For the foregoing reasons, the district court's dismissal is

**AFFIRMED.**