[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14547
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-22117-KMM


DWIGHT MATHEWS,

Plaintiff-Appellant,

versus

HERMAN MOSS,

Defendant-Appellee,


LIEUTENANT GREEN, et al.,

Defendants.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Dwight Mathews, an inmate in Florida state prison, brought this pro se 42 U.S.C. § 1983 action against fifteen prison employees.  On appeal, Mathews challenges the district court's orders (1) dismissing his 42 U.S.C. § 1983 procedural due process claims against fourteen prison employees for failure to state a claim, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(ii), and (2) dismissing his remaining § 1983 claims against Officer Herman Moss, as a sanction, pursuant to Federal Rule of Civil Procedure 41(b), because Mathews submitted fraudulent affidavits.  After review, we affirm.

According to Mathews's complaint, Officer Moss violated his Eighth Amendment rights because Moss failed to intervene when three inmates attacked Mathews in the Transitional Care Unit, an inpatient setting for inmates with mental illness.  Mathews alleged that Officer Moss then issued a false disciplinary report, charging Mathews with assault and battery as the instigator of the fight.

While awaiting his disciplinary hearing on the assault and battery charges, Mathews was placed in administrative confinement for a period of 24 days and then for another period of 18 days.  After the disciplinary hearing, Mathews was

2

found guilty and placed on "Close Management I" status.[1]  Mathews filed grievances challenging his close management classification, which were denied. The other fourteen defendants participated in Mathews's prison disciplinary proceedings or in the denial of his subsequent grievances.  Mathews's complaint alleged that the other defendants violated his procedural due process rights in these disciplinary and grievance proceedings.

The district court did not err in dismissing Mathews's procedural due process claims against fourteen defendants because Mathews's complaint did not allege the deprivation of a liberty interest protected by the Due Process Clause.[2] Being held in administrative confinement for short periods of 24 days and 18 days does not impose an "atypical, significant deprivation" sufficient to give rise to a constitutionally protected liberty interest.  See Sandin v. Conner, 515 U.S. 472, 485-87, 115 S. Ct. 2293, 2301-02 (1995) (concluding thirty days of disciplinary

---

[1]Under Florida Department of Corrections regulations, administrative confinement is the temporary removal of an inmate from the general population for security and safety pending, inter alia, a disciplinary hearing. Fla. Admin. Code  Ann. R. 33-602.220(1)(a) & (3)(a).  Close management classification keeps an inmate, who has demonstrated an inability to avoid abusing the rights of other inmates, apart from the general prison population for security and effective management reasons. Id. R. 33-601.800(1)(d).

[2]We review de novo the dismissal of claims under the PLRA, § 1915(e)(2)(B)(ii), applying the same standards as a dismissal under Federal Rule of Civil Procedure 12(b)(6) and viewing the allegations in the complaint as true.  Douglas v. Yates, 535 F.3d 1316, 1319-20 (11th Cir. 2008).  To state a claim, the complaint "must be enough to raise a right to relief above the speculative level," and must contain enough facts to state a claim that is "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1974 (2007). Additionally, we construe pro se pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998).

segregation did not give rise to a protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (concluding two months in administrative confinement did not constitute deprivation of a protected liberty interest).  Inmates also have no protected liberty interest in a particular custody classification.  See Meachum v. Fano, 427 U.S. 215, 223-25, 96 S. Ct. 2532, 2538 (1976) (concluding no liberty interest in discretionary transfer to a maximum security state prison); Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976) (concluding no due process protections required for prisoner classification and eligibility for rehabilitative programs in federal prison).  We note that Mathews's complaint did not allege any facts showing (or that could be liberally construed to show) that he was confined in harsher conditions than inmates in administrative confinement or close management I status generally.  Cf. Magluta v. Samples, 375 F.3d 1269, 1275-76, 1282 (11th Cir. 2004) (concluding pretrial detainee's detailed allegations, if true, established a liberty interest where pretrial detainee, unlike other pretrial detainees or even convicted prisoners, was placed in administrative detention in conditions that constituted solitary confinement, including being locked in a closet-sized cell with minimal contact with human beings for over 500 days). [3]

---

[3]Although Mathews argues that mandatory language in Florida's prison regulations created liberty interests, the Supreme Court in Sandin made clear that mandatory language in state statutes and prison regulations is insufficient to create a protected liberty interest. See Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300.

4

To the extent Mathews's complaint alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures, the Court has concluded that "a prison grievance procedure does not provide an inmate with a constitutionally protected interest." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011). Because Mathews's complaint did not allege facts showing that any protected liberty interests were implicated, the district court properly dismissed Mathews's claims against the fourteen defendants involved in his disciplinary or grievance proceedings.

The district court also did not abuse its discretion when it dismissed Mathews's § 1983 claims against Officer Moss under Rule 41(b).[4] The record shows that Matthews submitted unnotarized affidavits purportedly signed by two prison inmates, Leonard Jennings and Martinez Guillermo. Subsequently, Officer Moss submitted notarized affidavits from Jennings and Guillermo stating that they had not signed the affidavits submitted by Mathews. Based on this evidence, the district court did not commit clear error in finding that Mathews willfully submitted false affidavits. The district court also found that lesser sanctions would

---

[4]We review a district court's dismissal of a claim under Rule 41(b) for abuse of discretion and its factual findings for clear error. Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). The district court may dismiss a claim under Rule 41(b) where there is a clear record of willful conduct and the court finds "that lesser sanctions are inadequate to correct such conduct." Id. (quotation marks omitted).

5

not suffice because of the need to deter other <u>pro se</u> inmates from engaging in similar fraud.  Under the circumstances, we cannot say the district court's sanction of dismissal was an abuse of discretion.[5]

    **AFFIRMED.**

---

[5]Mathews also challenges a magistrate judge's order setting aside the entry of default against Officer Moss.  However, in the district court, Mathews failed to object to this nondispositive order.  <u>See</u> Fed. R. Civ. P. 72(a) (providing that a party has fourteen days to file any objections to a magistrate judge's nondispositive order and that "[a] party may not assign as error a defect in the order not timely objected to").  Accordingly, Mathews waived his right to appeal this ruling.  <u>See</u> <u>Smith v. Sch. Bd. of Orange Cnty.</u>, 487 F.3d 1361, 1365 (11th Cir. 2007) ("[W]here a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court.").  In any event, Matthews has not shown that the magistrate judge abused his discretion in setting aside the default entry for good cause.