[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10016
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-02148-SDM-TGW

GLENN C. SMITH,

Plaintiff-Appellant,

versus

SGT. T. DEEMER,
in his individual capacity,
C. GARRETT SANCHEZ,
in her individual and official capacities,
V. KING,
in his individual and official capacities,
G. WELLHAUSEN,
in his individual and official capacities,
GLENN R. MORRIS,
in his individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2016)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Glenn Smith, a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 claim alleging procedural and substantive due process violations.  He argues that the district court improperly analyzed his claims.  After careful consideration, we affirm.

I.

We review de novo a 28 U.S.C. § 1915A(b)(1) sua sponte dismissal for failure to state a claim,[1] taking the allegations in the complaint as true.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam).  To avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  However, pro se pleadings are held to a less stringent standard.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

To prevail on a § 1983 claim, "a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Bingham v.

---

[1] The Prison Litigation Reform Act requires courts to screen in forma pauperis prisoner litigation and dismiss any action that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(A)(b).

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (quotation omitted) (alteration adopted).  In turn, a claim brought under the Fourteenth Amendment's Due Process Clause must concern a protected interest, such as the deprivation of liberty.  See Bass v. Perrin, 170 F.3d 1312, 1317–18 (11th Cir. 1999).  This is a threshold inquiry in considering a due process claim.

A prisoner's liberty interest under the Due Process Clause is necessarily circumscribed "by the nature of the regime to which they have been lawfully committed."  Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). Thus, an inmate validly claims the violation of a protected liberty interest when he identifies state actions that unexpectedly alter his term of imprisonment or impose an atypical and significant hardship relative to ordinary prison life.  See Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).

A hallmark example of action that unexpectedly alters an inmate's term of imprisonment is the revocation of good-time credit.  See Wolff, 418 U.S. at 555–58, 94 S. Ct. at 2974–76 (holding that loss of good-time credit implicates a protected liberty interest).  Atypical and significant hardship exists when the confinement at issue presents a dramatic departure from the ordinary conditions of prison life.  See Sandin, 515 U.S. at 485–86, 115 S. Ct. at 2301.

II.

Smith claimed procedural and substantive due process violations related to a prison disciplinary hearing for "disorderly conduct" and a resulting fifteen-day period of disciplinary confinement.[2]  He alleged that both (1) Florida Administrative Code Rule 33-601.307(3), which restricts the presentation of live witness testimony in prison disciplinary hearings, and (2) Florida Administrative Code Rule 33-601.314, 9-17, which outlines the acceptable punishment for "disorderly conduct" by prisoners, are facially unconstitutional, and their application violated his substantive due process rights.  In addition, Smith alleged the following procedural due process claims: (1) he was denied live witness testimony at the disciplinary hearing without a valid explanation; (2) he was not allowed to introduce testimony developed after the hearing; (3) the written finding of guilt from the hearing was legally inadequate; and (4) insufficient evidence supported the guilty finding.

After the hearing, Smith was sentenced to 15 days of disciplinary confinement.  Though a Florida inmate may lose up to 60 days of good-time credit for "disorderly conduct," see Fla. Admin. Code R. 33-601.314, 9-17 (2015), Smith did not lose any credit.  Thus, in order to show that a protected liberty interest was

---

[2] Smith mixes a period of administrative confinement just before his disciplinary hearing into his claims.  His combined stay in both administrative and disciplinary confinement lasted approximately thirty days.

4

threatened, Smith alleged various hardships associated with his confinement.  He asserted that he was confined to a relatively small cell with a cellmate who had not been screened for compatibility; the cell felt cold, partly because he is "particularly cold sensitive"; cell lighting generally remained on from early morning until late at night; he was deprived of some personal property, including medicated shampoo; he had fewer changes of clothing and opportunities to shower than the regular prison population; he was not provided a toothbrush and toothpaste; the meals were mostly no longer hot when they arrived; he could not lock a storage area in the cell; out-of-cell time was limited; library access was restricted; he had no telephone or television access; and he had no writing surface in his cell.

The district court sua sponte dismissed Smith's complaint for failure to state a claim.  The court applied the liberty-interest analysis prescribed by Sandin— rather than the Wolff requirements—because Smith had not lost any good-time credit.  It concluded that the conditions alleged by Smith did not rise to the sort of "atypical, significant deprivation" of liberty outlined by Sandin, and that no liberty interest protected by the Due Process Clause was therefore implicated.

Smith moved for reconsideration, which the district court denied on the same reasoning.  Smith timely appealed.

5

III.

As to the legal standard, the district court properly applied the <u>Sandin</u> analysis rather than using the procedures described in <u>Wolff</u>.  <u>Wolff</u> states that a set of procedures must accompany disciplinary hearings when they result in a loss of good-time credit.  <u>Wolff</u>, 418 U.S. at 556–58, 563–71, 94 S. Ct. at 2975–76, 2978–82.  However, when a prisoner has not lost any good-time credit (as here), <u>Wolff</u> does not apply.  Instead, a liberty interest protected by the Due Process Clause may be alleged as described in <u>Sandin</u>.  <u>See</u> <u>Sandin</u>, 515 U.S. at 484, 115 S. Ct. at 2300.  But the Due Process Clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." <u>Id.</u> at 478, 115 S. Ct. at 2297.

Smith has failed to allege conditions that impose an "atypical and significant hardship" relative to ordinary prison life.  <u>Id.</u> at 484, 115 S. Ct. at 2300.  His complaints, though numerous, are neither severe enough nor of such duration as to constitute violations of a protected liberty interest.  Most amount to mere inconveniences, especially viewed in light of their short duration.  <u>See</u> <u>Hutto v. Finney</u>, 437 U.S. 678, 686, 98 S. Ct. 2565, 2571 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.").

Generally, atypical and significant hardships must exist for a significant period of time. Compare Sandin, 515 U.S. at 486, 115 S. Ct. at 2301 (30 days of administrative confinement was not an atypical and significant hardship), and Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (per curiam) (60 days of administrative confinement was not an atypical and significant hardship), with Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004) (500 days of solitary confinement was sufficient), and Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (one year of solitary confinement was sufficient). The conditions alleged by Smith continued for, at most, approximately 30 days. Indeed, his disciplinary confinement lasted for only 15 days.

Atypical and significant hardships must also be severe relative to regular prison. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223–24, 125 S. Ct. 2384, 2394 (2005) (prisoner was confined indefinitely in a cell illuminated twenty-four hours per day, deprived of almost all human contact, allowed to exercise for only one hour per day in a small indoor room, and disqualified from parole consideration); Magluta, 375 F.3d at 1282 (prisoner was kept in "an extremely small, closet-sized space" and deprived of almost any human contact). Smith's alleged deprivations—of things like a writing surface, a lock for his storage bin, and a television—do not represent such "dramatic departure[s]" from ordinary prison life. Sandin, 515 U.S. at 485, 115 S. Ct. at 2301.

Smith's complaint did not allege facts sufficient to state a plausible claim for relief. His disciplinary hearing resulted in no loss of good-time credit, and the conditions he alleged do not constitute an atypical and severe hardship. Thus, Smith's substantive and procedural due process claims fail to implicate a constitutionally protected liberty interest. We AFFIRM the district court's ruling.

**AFFIRMED.**