[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15422
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01283-CEM-DAB

JOHNSON CHRISTOPHER JAMERSON,

Plaintiff - Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
BENJAMIN T. WAPPLER,
Librarian, Tomoka Correctional Institution,
CAPTAIN GODDARD,
Captain of Security, Tomoka Correctional Institution,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 2, 2017)

Before TJOFLAT, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Johnson Jamerson, a Florida inmate proceeding *pro se*, appeals the District Court's dismissal of his complaint for failure to state a claim. He based his action on 42 U.S.C. § 1983, alleging due process and equal protection violations. Jamerson also challenged the constitutionality of a Florida regulation that authorizes administrative confinement of prisoners who threaten prison security. On appeal, Jamerson only challenges the dismissal of his challenge to the regulation.

This appeal arises from a dispute outside a prison law library. Jamerson had a dispute with other inmates in the library. The prison librarian, Benjamin Wappler, called security to report a disorderly inmate. Jamerson claims that he voluntarily left the library and waited for the security staff to arrive. When security arrived, Jamerson attempted to explain the dispute to security personnel. However, the security personnel decided that Jamerson threatened prison security. Thus, Jamerson was placed into administrative confinement. He was released following a disciplinary hearing nine days later, where the charges against him were dropped.

We review a dismissal for failure to state a claim *de novo*, and accept the allegations in the complaint as true and view them in the light most favorable to the

plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We liberally construe *pro se* pleadings and hold such pleadings to a less stringent standard than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Appellants must clearly and specifically identify issues in their brief, or they waive them.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (citations omitted).

To withstand a motion to dismiss for failure to state a claim, plaintiffs must establish the grounds for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs suing under 42 U.S.C. § 1983 must show that a person deprived him or her of a right while acting under the color of state law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Section 1983 actions require proof of three elements: (1) deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process.  *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).  We recognize two situations in which prisoners require due process before being deprived of a liberty interest.  *See Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999).  First, prisoners must receive due process when a change in the condition of confinement "is so severe that it essentially exceeds the sentence imposed by the court."  *Id.* at 1291.  Second, prisoners have a liberty

3

interest where the state has consistently provided a benefit to a prisoner and deprivation of that benefit imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quotation omitted).

The Supreme Court has held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). It reasoned that discipline in segregated confinement mirrored the conditions imposed on other inmates, "with significant exceptions." *Id.* We have held that disciplinary sanction for two months of administrative confinement did not implicate a protected liberty interest. *See Rodgers v. Singletary*, 142 F.3d 1252, 1252–53 (11th Cir. 1998).

The Florida Administrative Code states that an inmate may be placed in administrative confinement when "disciplinary charges are pending and the inmate needs to be temporarily removed from the general inmate population . . . to provide for security or safety until such time as a disciplinary hearing is held." Fla. Admin. Code Ann. R. 33-602.220(3)(a).

Here, Jamerson failed to argue on appeal that the District Court erred in dismissing his claim that he did not receive due process and equal protection. He has abandoned those claims and we decline to consider them. *See Sapuppo*, 739 F.3d at 680. Regarding his argument that Florida Administrative Code Chapter 33-

602.220(3)(a) violates due process, Jamerson has not shown, nor could he, that the regulation authorizes atypical or significant deprivation, or that the process provided in the regulation is constitutionally inadequate.  After all, Jamerson received a disciplinary hearing nine days after the incident and prison officials released him from administrative confinement following that hearing.

**AFFIRMED.**