[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10144
Non-Argument Calendar

_____

D.C. Docket No. 4:20-cv-00270-HLM

BRANDON MORRALL,

Plaintiff - Appellant,

versus

WARDEN,
DEPUTY WARDEN JOSHUA JONES,
ROBERT TOOLE,
(field director) all of Hays State Prison,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 30, 2021)

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Morrall, a *pro se* state prisoner, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915A. Morrall's complaint alleged that Kevin Sprayberry, Warden of Hays State Prison; Joshua Jones, Deputy Warden of Hays State Prison; and Robert Toole, Field Director for the Georgia Department of Corrections ("GDOC") violated his Fourteenth Amendment due process rights by placing him on long-term lockdown without a hearing, as provided for by GDOC's Standard Operating Procedures.

We review *de novo* a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

Section 1915A of Title 28 of the U.S. Code provides that the district court shall review a complaint in a civil action filed by a prisoner who seeks redress from the government. 28 U.S.C. § 1915A(a). Upon review, the district court must dismiss the complaint if, among other things, it fails to state a claim upon which relief may be granted. *Id*. § 1915A(b). To avoid dismissal, the complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a dismissal for failure to state a claim, we accept all factual allegations in the complaint as true and view them in the light most

2

favorable to the plaintiff. *Starship Enters. of Atlanta, Inc. v. Coweta Cty.*, 708 F.3d 1243, 1252 (11th Cir. 2013). But we need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. *Pro se* pleadings are liberally construed but must still suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

To prevail in a § 1983 action, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Fourteenth Amendment provides that no state may deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Prisoners may claim the protections of the Fourteenth Amendment's Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Even so, the Due Process Clause, by itself, does not establish a liberty interest in freedom from state action that is taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quotation marks omitted).

We recognize two situations in which a prisoner is deprived of his liberty such that due process is required. *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999). First, a prisoner is entitled to due process when a change in his

condition of confinement "is so severe that it essentially exceeds the sentence imposed by the court." *Id.* at 1291. Second, a prisoner has a liberty interest where the state has consistently provided a benefit to a prisoner and deprivation of that benefit imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quotation marks omitted); *see also Sandin*, 515 U.S. at 484-86. The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"), *modified on other grounds by Sandin*, 515 U.S. at 482-84; *Sandin*, 515 U.S. at 484-87 (holding that a 30-day administrative segregation did not violate the Fourteenth Amendment); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding that 2 months in administrative confinement did not violate the prisoner's due process rights); *but see Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004) (determining that the solitary confinement of a pretrial detainee under "extremely harsh conditions" constituted an "atypical and significant hardship" that created a liberty interest where the detainee, unlike other detainees or convicted prisoners, was locked in an

4

"extremely small, closet-sized space" with minimal contact with other human beings for over 500 days).

The Due Process Clause also does not create a liberty interest in the "mandatory" language of prison rules and regulations. *Sandin*, 515 U.S. at 482-84; *see also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (recognizing that, as various circuits have held, "an inmate has no constitutionally-protected liberty interest in access to [a prison's grievance] procedure"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) (holding that "[s]tate-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory" (quotation marks omitted)).

Here, accepting as true Morrall's allegations that he was placed on long-term lockdown without receiving a hearing, as provided for by the prison's operating procedure, the district court did not err in dismissing his complaint because those policies did not create an enforceable liberty interest. Accordingly, the district court did not err in *sua sponte* dismissing his complaint for failing to state a claim on that ground.

**AFFIRMED.**

5