[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12012

Non-Argument Calendar

_____

JACKIE RAY ROLLER,

Plaintiff-Appellant,

*versus*

CRYSTAL HOLLOWAY,
PAMELA BALLINGER,
JEANIE KASPER,
JOHN STROH,
CARMEN GEER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:21-cv-00065-HLM

_____

Before LUCK, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jackie Roller, a Georgia prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal -- for failure to state a claim pursuant to 28 U.S.C. § 1915A -- of his *pro se* 42 U.S.C. § 1983 complaint.[1]  No reversible error has been shown; we affirm.

**I.**

Roller filed *pro se* this civil action against eleven prison officials at the Walker State Prison in Rock Spring, Georgia.  Construed liberally, Roller's complaint purported to assert claims for violations of the First, Fifth, Eighth, and Fourteenth Amendments arising from an incident that occurred in July 2020.

Roller's complaint alleges these facts.  While talking aloud to himself in the shower, Roller said the term "niggard": a word Roller says he used to refer to himself having to pay filing fees in an unspecified state-court action.  A fellow inmate overheard

---

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Roller and -- believing Roller had uttered a racial slur -- reported Roller to prison officials.

Prison officials placed Roller in a "restrictive-segregation-isolation" unit. Roller later received a disciplinary report charging him with using a racial slur. The disciplinary report also cited to ten inmate witness statements about the incident.

Roller attended a disciplinary hearing on 16 July 2020. At the conclusion of the hearing, the hearing officer found Roller guilty of the charged disciplinary offense. Roller was sentenced to 14 days in isolation. During his period of isolation, Roller was denied his daily hour of recreational yard time.

The magistrate judge conducted an initial screening of Roller's complaint, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. The magistrate judge issued a report and recommendation ("R&R"), recommending that the complaint be dismissed for failure to state a claim.

Roller objected to the R&R. The district court overruled Roller's objections, adopted the R&R, and dismissed Roller's complaint. This appeal followed.

## II.

We review *de novo* a district court's *sua sponte* dismissal under section 1915A(b)(1) for failure to state a claim, applying the same standards that govern dismissals under Fed. R. Civ. P. 12(b)(6). *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). We view the complaint in the light most favorable

to the plaintiff, accepting the fact allegations in the complaint as true. *See Dimanche v. Brown*, 783 F.3d 1204, 1214 (11th Cir. 2015).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). To state a plausible claim for relief, plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As an initial matter, Roller has abandoned his claim alleging a double-jeopardy violation under the Fifth Amendment and his claims alleging equal-protection and substantive-due-process violations under the Fourteenth Amendment. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read brief filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)). We also need not address Roller's argument -- raised for the first time on appeal -- asserting a violation of his right to privacy under the Health Insurance

Portability and Accountability Act of 1996. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.").

### A. Eighth Amendment

Roller challenges the district court's dismissal of his claim for relief under the Eighth Amendment. Roller says he was subjected to cruel and unusual punishment when he was denied outside recreational time during his 18 total days of isolation. Roller also contends that -- by wrongfully labeling Roller a "racist" -- prison officials exposed Roller to potential future bodily harm by other inmates.

To state a claim under the Eighth Amendment, a prisoner must allege facts sufficient to demonstrate two things: (1) an "objectively, 'sufficiently serious'" deprivation, and (2) that the prison official acted with a "sufficiently culpable state of mind." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"In the context of an inmate's conditions of confinement after incarceration, the standard is that prison officials violate the

Eighth Amendment through 'unnecessary and wanton infliction of pain.'" *Bass v. Perrin*, 170 F.3d 1312, 1316 (11th Cir. 1999). We have acknowledged that the deprivation "of all outdoor exercise time" can amount to an "infliction of pain." *See id.* But a deprivation of outdoor time is neither "unnecessary" nor "wanton" when a "penological reason" exists for assigning a prisoner to solitary confinement and when prison officials are not deliberately indifferent to "a substantial risk of serious harm to a prisoner." *Id.* at 1316-17.

Here, Roller has failed to allege facts showing that his being deprived of outdoor recreation time constituted an "unnecessary and wanton infliction of pain" rising to the level of an Eighth Amendment violation. Roller's temporary placement in isolation was supported by a penological justification: Roller was found guilty of violating the prison's rules prohibiting the use of racial slurs. Furthermore, Roller has alleged no facts sufficient to demonstrate that prison officials were deliberately indifferent to a known substantial risk of serious harm to Roller arising from the 18-day restriction on outdoor recreation time.

Roller has also failed to state a plausible Eighth Amendment claim based on his purported potential exposure to future physical harm. Roller alleges no facts to support his speculative assertion that he will be targeted for violence by other inmates. Nor has Roller alleged facts sufficient to show that prison officials -- in disciplining Roller -- acted with deliberate indifference to a known substantial risk that Roller would suffer serious physical harm in

the future. To the contrary, disciplining prisoners for violating prison rules is often necessary for prison officials to maintain order and to ensure prisoner safety. *Cf. United States v. Mayes*, 158 F.3d 1215, 1224 (11th Cir. 1998) (recognizing that the government's interest in maintaining order and in preventing violent altercations among prisoners requires "punishing individuals for violent or other disruptive conduct" (quotations omitted)).

### B. Fourteenth Amendment Due Process

The district court dismissed properly Roller's procedural-due-process claim under the Fourteenth Amendment. Roller contends that he was denied procedural due process because the prison's disciplinary policy on obscene language was unduly vague, the disciplinary report reflected an incorrect date and time of the incident, and because Roller was denied copies or summaries of the pertinent witness statements.

To state a claim for violation of procedural due process, a plaintiff must allege facts showing "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *See Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006). In the context of prison disciplinary proceedings, a prisoner has no liberty interest to which due process attaches unless he can demonstrate that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).

Roller has failed to allege facts sufficient to demonstrate that being placed in isolation for 18 days caused him to suffer an atypical and significant hardship. *See id.* (concluding that a prisoner had no liberty interest protecting against a 30-day disciplinary assignment to segregated confinement because the confinement did not "present a dramatic departure from the basic conditions of [the inmate's] sentence"); *Rodgers v. Singletary*, 142 F.3d 1252, 1252-53 (11th Cir. 1998) (concluding that placement in administrative confinement for two months does not present the type of atypical, significant deprivation that might create a constitutionally-protected liberty interest). Because Roller has shown no constitutionally-protected liberty interest, he can state no claim for relief based upon the alleged inadequacies of the prison's disciplinary process.

### C. First Amendment Retaliation

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *See Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). To state a viable First Amendment retaliation claim, a plaintiff must allege facts sufficient to establish: (1) that he engaged in constitutionally-protected speech; (2) that he was subjected to "retaliatory conduct . . . likely to deter a person or ordinary firmness from engaging in such speech"; and (3) that a causal connection exists between the retaliatory conduct and the protected speech. *See Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). To establish a causal connection, a prisoner must demonstrate prison officials were motivated subjectively by the prisoner's protected speech. *See id.* at 1278.

Roller contends that he was disciplined in retaliation for exercising his right to petition the government: his use of the word "niggard" while complaining aloud to himself about having to pay fees in his state-court action. But Roller has failed to allege facts establishing plausibly a causal connection between these complaints and the discipline he received. Never has Roller alleged that prison officials understood Roller's use of the word "niggard" as a complaint related to Roller's state-court proceedings. To the contrary, prison officials disciplined Roller based on a determination that Roller's speech constituted a racial slur prohibited by prison rules.[2] Roller cannot show that prison officials were motivated subjectively by Roller's supposed complaints about having to pay state-court fees. The district court committed no error in concluding that Roller failed to state a claim for retaliation under the First Amendment.

### D. Leave to Amend

We reject Roller's assertion that the district court erred in dismissing his complaint without first granting him leave to amend. Generally speaking -- "[w]here a more carefully drafted complaint might state a claim" -- a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court

---

[2] That a prisoner's use of a prohibited racial slur constitutes no constitutionally-protected speech is undisputed. *See Smith*, 532 F.3d at 1277 (noting that, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct'").

dismisses the action with prejudice." *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*) (holding that the rule in *Bank* does not apply to counseled plaintiffs). This rule applies even when -- as in this case -- the plaintiff never seeks leave to amend the complaint in the district court. *See id.*

Roller contends -- without elaboration -- that the district court should have granted him leave to amend. Roller offers no details about what proposed amendments he would make. Instead, Roller reiterates the same factual allegations and arguments asserted in his initial complaint. Given the factual allegations and claims involved in this case, we are unpersuaded that "a more carefully drafted complaint might state a claim." The district court committed no error in concluding that Roller's complaint was subject to dismissal for failing to state a claim upon which relief could be granted.

AFFIRMED.